IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SOUTHERN ILLINOIS REGIONAL LANDFILL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 09-592-GPM ) |
| MITCHELL L. ABBOTT, | ) ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Plaintiff brings this action under 28 U.S.C. § 1332 for state law claims arising out of Defendant's previous employment with Plaintiff and his subsequent employment with a competing waste management company. However, Plaintiff's allegation that "[u]pon information and belief,

Abbott is a citizen of Florida" is insufficient to establish diversity of citizenship jurisdiction because allegations based upon information and belief are insufficient to establish subject matter jurisdiction. *America's Best Inns*, 980 F.2d at 1074.

Although it seems likely that Plaintiff will be able to establish jurisdiction by more appropriate allegations, "subject matter jurisdiction must be a matter of certainty and not of probabilities." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an <u>Amendment to the Complaint</u> **on or before August 28, 2009**, to properly allege the citizenship of Defendant Abbott.[1] Plaintiff shall file an Amendment to the Complaint only and not an amended complaint. If Plaintiff fails to file an Amendment to the Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: 08/14/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement.